NOTICE OF OBJECTION TO CONFIRMATION

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before May 30, 3019, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| PHELAN HALLINAN DIAMOND & JONES, PC<br>1617 JFK BOULEVARD, SUITE 1400<br>PHILADELPHIA, PA 19103 | MARIE-ANN GREENBERG<br>CHAPTER 13 STANDING TRUSTEE<br>30 TWO BRIDGES RD, SUITE 330<br>FAIRFIELD, NJ 07004<br><br>U.S. TRUSTEE<br>US DEPT OF JUSTICE<br>OFFICE OF THE US TRUSTEE<br>ONE NEWARK CENTER STE 2100<br>NEWARK, NJ 07102 |

Attend the hearing scheduled to be held on June 6, 2019 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: May 22, 2019

/s/ Nicholas V. Rogers
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 42689
Fax: 856-813-5501
Email: nicholas.rogers@phelanhallinan.com

**File No. 821726**
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard
Philadelphia, PA 19103
856-813-5500
FAX Number 856-813-5501
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

| | |
|---|---|
| In Re:<br><br>MARC ROBERT HUECK<br>CARESSE PATTY ANN HUECK<br><br><br>Debtors | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 13<br><br>Case No. 19-12542 - VFP |

Hearing Date: June 6, 2019

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, the holder of a Mortgage on Debtors' residence located at 38 OVERLOOK AVENUE, LITTLE FALLS, NJ 07424 hereby objects to the Confirmation of the Debtors' proposed Chapter 13 Plan on the following grounds:

1. On April 4, 2019, Secured Creditor filed a Proof of Claim listing pre-petition arrears in the amount of $3,336.79.

2. Debtors' Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

3. Debtors' Plan currently provides for payment to Secured Creditor in the amount of $1,468.49. A copy of the Debtors' Plan is attached hereto as Exhibit A. Secured Creditor therefore objects to Debtors' Plan as it is underfunded. Debtors' Plan should be further amended to fully fund the arrears owed to Secured Creditor or Confirmation should be denied.

WHEREFORE, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION respectfully requests that the Confirmation of Debtors' Plan be denied.

/s/ Nicholas V. Rogers
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 42689
Fax: 856-813-5501
Email: nicholas.rogers@phelanhallinan.com

Dated: May 22, 2019

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>821726<br>Phelan Hallinan Diamond & Jones, PC<br>1617 JFK Boulevard, Suite 1400<br>Philadelphia, PA 19103<br>856-813-5500<br>Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |

| In Re: | Case No: 19-12542 - VFP |
|---|---|
| MARC ROBERT HUECK<br>CARESSE PATTY ANN HUECK | Hearing Date: June 6, 2019 |
| | Judge: Vincent F. Papalia |
| | Chapter: 13 |

## CERTIFICATION OF SERVICE

1. I, Joseph J. Parisi:

    ☐ represent the _____ in the above-captioned matter.

    ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents JPMORGAN CHASE BANK, NATIONAL ASSOCIATION in the above captioned matter.

    ☐ am the _____ in the above case and am representing myself.

2. On May 24, 2019 I sent a copy of the following pleadings and/or documents to the parties listed below:

    Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  May 24, 2019                          /s/ *Joseph J. Parisi*
                                              Joseph J. Parisi

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| MARC ROBERT HUECK<br>38 OVERLOOK AVENUE<br>LITTLE FALLS, NJ 07424 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| CARESSE PATTY ANN HUECK<br>38 OVERLOOK AVENUE<br>LITTLE FALLS, NJ 07424 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| LEONARD S. SINGER, ESQUIRE.<br>ZAZELLA & SINGER, ESQS.<br>36 MOUNTAIN VIEW BLVD.<br>WAYNE, NJ 07474 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| MARIE-ANN GREENBERG<br>CHAPTER 13 STANDING TRUSTEE<br>30 TWO BRIDGES RD, SUITE 330<br>FAIRFIELD, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

2

3

| | | |
|---|---|---|
| U.S. TRUSTEE<br>US DEPT OF JUSTICE<br>OFFICE OF THE US TRUSTEE<br>ONE NEWARK CENTER STE 2100<br>NEWARK, NJ 07102 | Trustee | ☐ Hand-delivered<br><br>☐ Regular Mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

# Exhibit "A"

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance |

Last revised: September 1, 2018

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
MARC R. HUECK and  
CARESSE P. HUECK,  

    Debtor(s)

Case No.: _____19-12542_____

Judge: _____Vincent F. Papalia_____

## Chapter 13 Plan and Motions

☐ Original      ☒ Modified/Notice Required      Date: April 4, 2019

☒ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___LSS___      Initial Debtor: ___MH___      Initial Co-Debtor: ___CH___

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ _____527.57_____ per _____month_____ to the Chapter 13 Trustee, starting on _____April 1, 2019_____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

  ☒  Future earnings

  ☐  Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

  ☐ Sale of real property
  Description:
  Proposed date for completion: _____

  ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection ☒ NONE

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

| Part 4: | Secured Claims |
|---|---|

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| JP MORGAN CHASE | REAL ESTATE | $ 1,468.49 | | ARREARS | $ 2,472.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Wells Fargo | Real Estate | $ 68,876.00 | $ 259,000.00 | $ 279,718.00 | $ 0.00 | | $ 0.00 |
| Wells Fargo | Real Estate | $ 33,445.00 | $ 259,000.00 | $ 279,718.00 | $ 0.00 | | $ 0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

ALLY CAPITAL (2016 CHEVROLET TRAVERSE)

TOYOTA MOTOR CREDIT CORPORATION (2015 TOYOTA CAMRY)

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:  Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

| Part 6: | Executory Contracts and Unexpired Leases ☒ NONE |
|---|---|

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

| Part 7: | Motions ☐ NONE |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Wells Fargo | Real Estate | $ 68,876.00 | $ 259,000.00 | $ 279,718.00 | $ 0.00 | $ 0.00 |
| Wells Fargo | Real Estate | $ 33,445.00 | $ 259,000.00 | $ 279,718.00 | $ 0.00 | $ 0.00 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☐ Upon confirmation

☒ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Priority Claims

3) Secured Claims

4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: February 5, 2019               .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| ADDING SECURED CREDITORS TO BE UNAFFECTED BY THE PLAN AND SECURED CREDITOR.<br><br>ADDING SECURED CREDITOR CURING DEFAULT AND MAINTAINING PAYMENTS ON PRINCIPAL RESIDENCE. | |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes     ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: April 4, 2019                                    /s/ Marc Hueck
                                                       Debtor

Date: April 4, 2019                                    /s/ Caresse Hueck
                                                       Joint Debtor

Date: April 4, 2019                                    /s/ Leonard S. Singer
                                                       Attorney for Debtor(s)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | |
|---|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>ZAZELLA & SINGER, ESQS.<br>36 Mountain View Boulevard<br>Wayne, New Jersey 07470<br>(973) 696-1700 Telephone<br>(973) 696-3228 Telefax<br>Attorney for Debtors<br>LSS 7914 | Case No.: | 19-12542 |
| | Chapter: | 13 |
| In Re:<br><br>MARC HUECK and<br>CARESSE HUECK,<br>Debtors. | Adv. No.: | |
| | Hearing Date: | May 16, 2019 |
| | Judge: | Papalia |

## CERTIFICATION OF SERVICE

1. I, _____Heather Barth_____ :

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for __Leonard S. Singer, Esq.__, who represents __Debtors, Marc and Caresse Hueck__ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On _____April 18, 2019_____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   Modified Chapter 13 Plan and Notice of Chapter 13 Bankruptcy.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: __April 18, 2019__          /s/ Heather Barth
                                  Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg<br>30 Two Bridges Road<br>Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| **PLEASE SEE LIST OF CREDITORS ATTACHED** | Creditors | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

2

Ally Services
4000 Lexington Avenue North
Suite 100
Saint Paul, MN 55126

American Express Correspondence
PO Box 981540
El Paso, TX 79998

Bank of America
PO Box 982235
El Paso, TX 79908

Berry Owens Center
1150 St. Nicolas Avenue
New York, NY 10032

Brendan P. Sullivan MD FaCC
Attn: 14595K
PO Box 14000
Belfast, ME 04915-4033

Capital Management Service, LP
698 1/2 South Ogden Street
Buffalo, NY 14206

Chase Mortgage
PO Box 24696
Columbus, OH 43224

Citibank North America
PO Box 790040
Saint Louis, MO 63179

Citibank/Best Buy
PO Box 790040
Saint Louis, MO 63179

Citibank/Sears
P.O. Box 790040
Saint Louis, MO 63179

CitiMortgage Inc.
PO Box 6006
Houston, TX 77253

McCarthy, Burgess & Wolff
2600 Cannon Road
Bedford, OH 44146

North Jersey Pathology
P.O. Box 144333
Orlando, FL 32814

St Josephs Medical Center
PO Box 532866
New York, NY 10087

Synb/Toysrusdc
ATTN: Bankruptcy
PO Box 103104
Roswell, GA 30076

Synchrony Bank/ Care Credit
PO Box 965064
Orlando, FL 32896

Synchrony Bank/ JCPennys
PO Box 965064
Orlando, FL 32896

Target
C/O Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440

Toyota Financial Services
P.O. Box 8026
Cedar Rapids, IA 52408

Wells Fargo
PO Box 14411
Des Moines, IA 50306