| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>WNI 19-025504<br>Shapiro & DeNardo, LLC<br>14000 Commerce Parkway, Suite B<br>Mount Laurel, NJ 08054<br>(856) 793-3080<br>Elizabeth L. Wassall, Esq. 023211995<br>ATTORNEYS FOR WELLS FARGO BANK, N.A. | Order Filed on November 16, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| IN RE:<br><br>MARC ROBERT HUECK AND CARESSE PATTY ANN HUECK, DEBTORS | CASE NO.: 19-12542-VFP<br><br>HEARING DATE: NOVEMBER 5, 2020<br><br>JUDGE: HONORABLE VINCENT F. PAPALIA |

**CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

DATED: November 16, 2020

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

This matter being opened to the Court by Leonard Singer, attorney for the Debtors, upon filing of a Chapter 13 Plan, and Wells Fargo Bank, N.A., hereinafter "Secured Creditor," by and through its Authorized Agent, Shapiro & DeNardo, LLC, upon the filing of an Objection to Confirmation of Plan, and the parties having subsequently resolving their differences with regard to the Debtors' Chapter 13 Plan; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and the Court considered the parties' application for entry of this Consent Order, and for other good cause shown,

1.    Debtors will apply through Secured Creditor's servicing agent for a loan modification to cure pre-petition arrearages on the mortgage loan ending "1998" secured by real property at 38 Overlook Avenue, Little Falls, NJ 07424.

2.    This loan modification review shall be completed by March 1, 2021, or as further ordered by the Court.

3.    Debtors agree to maintain contractually due post-petition payments to Secured Creditor, currently in the amount of $102.27.

4.    If a loan modification is not offered by March 1, 2021, or as further ordered by the Court, Debtors must within fourteen (14) days thereof: 1) modify the Chapter 13 Plan to fully cure Secured Creditor's pre-petition arrearages of $1,840.86 as filed in Proof of Claim No. 14-1; 2) modify the Chapter 13 Plan to surrender the subject property; or 3) Convert to a Chapter 7 case.

5.    If the Debtors fail to make any payments detailed in this Consent Order within thirty (30) days of the date the payment is due, or if any of the funds paid fail to clear for insufficient funds or are dishonored for an reason, or otherwise fail to comply with this Consent Order, then the Secured Creditor may send Debtors and Debtors' Counsel a written notice of default of this Consent Order. If the default is not cured within ten (10) days of such notice, Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by submitting a Creditor's Certification of Default to the Bankruptcy Court, specifying the Debtors' failure to comply with the Consent Order, with a copy of any application, supporting certification and proposed Order to be served on the Chapter 13 Standing Trustee, Debtors' Counsel and the Debtors as required by the local bankruptcy rules.

6.    Secured Creditor agrees this Order resolves the Objection to Confirmation of Chapter 13 Plan, filed on October 29, 2020; ECF Doc. No.: 57.

7.    This Consent Order is hereby incorporated into Debtors' Chapter 13 Plan.

We hereby consent to the form, content,
and entry of the within Order.

Shapiro & DeNardo, LLC

/s/Elizabeth L. Wassall                                     Date:  11-13-2020
_____
Elizabeth L. Wassall, Esquire
Attorney for the Secured Creditor

_____                             Date:  11-12-20
Leonard Singer, Esquire
Attorney for the Debtors